**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mark A. McKINNELL,
Defendant–Appellant.**

No. 88–1881.

United States Court of Appeals,
Tenth Circuit.

Oct. 27, 1989.

David R. Gilman (James F. Vano, Overland Park, Kan., with him on the brief), Overland Park, Kan., for defendant-appellant.

Robert S. Streepy (Benjamin L. Burgess, Jr., U.S. Atty., D. Kansas, with him on the brief), Asst. U.S. Atty., D. Kansas, for plaintiff-appellee.

Before HOLLOWAY, SETH, and TACHA, Circuit Judges.

TACHA, Circuit Judge.

This is an appeal from a conviction for using a firearm during or in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1), and for possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1). The defendant raises various constitutional, statutory, and evidentiary grounds for reversal. We hold that there were no constitutional violations that prejudiced the defendant, that the defendant waived any remedy that might have been available for the only statutory violation that occurred, and that the trial court acted within its discretion on the evidentiary issues. We affirm.

### I.

On July 5, 1987, Officer Patrick Hinkle of the Lenexa, Kansas, Police Department observed an automobile driving slowly through a residential neighborhood. Officer Hinkle radioed that vehicle's license plate number to the police dispatcher, who informed him that there was an active arrest warrant for the car's owner, Mark A. McKinnell.

After Officer Hinkle stopped and approached the vehicle, he noticed that in the passenger compartment there was a large opaque plastic bag and a device, consisting of a tube connected to a bowl, that he recognized as being associated with the smoking of marijuana. Officer Hinkle arrested McKinnell, handcuffed him, and conducted a pat-down search that yielded eight small bags containing cocaine. The officer then returned to McKinnell's vehicle and opened the white opaque plastic bag to find a quantity of cocaine and a roll of United States currency. Under the bag he found a loaded .41 magnum caliber revolver.

The Government indicted McKinnell on one count of using or carrying a firearm during or in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The indictment specified the drug trafficking crime to be distribution of cocaine. A federal grand jury returned a two count superseding indictment which again charged the defendant with using or carry-

ing a firearm during or in relation to a drug trafficking crime. This indictment, however, changed the drug trafficking crime to possession of cocaine with intent to distribute. Count two of the superseding indictment charged McKinnell with possession of approximately forty-eight grams of cocaine with intent to distribute.

On March 28, 1988, McKinnell was tried in federal district court, and a jury returned a verdict of guilty on both counts of the superseding indictment. The court denied the defendant's motion for a new trial and entered judgment against McKinnell. McKinnell appealed to this court.

## II.

■ On appeal, McKinnell first contends that the trial court erred in failing to suppress evidence allegedly obtained in violation of his fourth amendment rights. U.S. Const. amend. IV. When we review a denial of a motion to suppress, we accept the trial court's findings of fact unless clearly erroneous. *United States v. Cooper*, 733 F.2d 1360, 1364 (10th Cir.), *cert. denied*, 467 U.S. 1255, 104 S.Ct. 3543, 82 L.Ed.2d 847 (1984). The ultimate determination of reasonableness under the fourth amendment is, however, a conclusion of law, *see United States v. Basey*, 816 F.2d 980, 988 (5th Cir.1987), that we review de novo. *See In re Ruti–Sweetwater, Inc. (Heins v. Ruti–Sweetwater, Inc.)*, 836 F.2d 1263, 1266 (10th Cir.1988).

The fourth amendment to the United States Constitution protects against "unreasonable searches and seizures." U.S. Const. amend. IV. As a general rule, to be reasonable a search or seizure must be conducted pursuant to a validly issued warrant. *See New York v. Belton*, 453 U.S. 454, 457, 101 S.Ct. 2860, 2862, 69 L.Ed.2d 768 (1981); *Payton v. New York*, 445 U.S. 573, 576, 100 S.Ct. 1371, 1374, 63 L.Ed.2d 639 (1980); *United States v. Ventresca*, 380 U.S. 102, 105–06, 85 S.Ct. 741, 744–45, 13 L.Ed.2d 684 (1965). Nevertheless, fourth amendment jurisprudence carves out several exceptions to the warrant requirement. *See Ventresca*, 380 U.S. at 106–07 & n. 2, 85 S.Ct. at 744–45 & n. 2.

We conclude that the warrantless search of the defendant's car was valid under the exceptions governing searches incident to arrest and findings of probable cause.

McKinnell first argues that the exception to the warrant requirement relating to searches of automobiles incident to arrest does not apply here. Noting that "the scope of [a] search must be 'strictly tied to and justified by' the circumstances which rendered its initiation permissible," *Belton*, 453 U.S. at 457, 101 S.Ct. at 2862 (quoting *Chimel v. California*, 395 U.S. 752, 762, 89 S.Ct. 2034, 2039, 23 L.Ed.2d 685 (1969)), McKinnell contends that the scope of the search of his automobile was not justified by his arrest on an outstanding municipal traffic warrant. We disagree.

■ In *Belton*, the Supreme Court made clear that the principles quoted in *Chimel* permit the police to search the passenger compartment of the automobile pursuant to a lawful custodial arrest of its occupant. *Id.* 453 U.S. at 460, 101 S.Ct. at 2864. The Court found that the entire passenger compartment constituted an area from which an arrestee might remove evidence or a weapon, *id.* at 460, 101 S.Ct. at 2864, and concluded:

when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.

It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach. Such a container may, of course, be searched whether it is open or closed, since the justification for the search is not that the arrestee has no privacy interest in the container, but that the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have.

*Belton*, 453 U.S. at 460–61, 101 S.Ct. at

2864–65 (footnote and citations omitted).[1] The search remains a valid search incident to arrest even if it occurs after the suspect has been arrested, handcuffed, and placed outside of the vehicle. *See United States v. Cotton*, 751 F.2d 1146, 1149 (10th Cir. 1985).

■ McKinnell was placed under lawful custodial arrest; therefore, the police were justified in searching the passenger compartment of his car and in seizing all the evidence obtained by means of that search. The police could also validly search the opaque bag found within the passenger compartment of his car.

McKinnell also attacks the inventory search of his car that occurred after impoundment. He argues that the police cannot justify the search as a proper inventory search. In *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), the Supreme Court first declared the principles governing the inventory search exception to the fourth amendment's warrant requirement.

■ We need not decide whether the search of McKinnell's car after its impoundment was a valid inventory search because we hold that this later search was valid on other grounds. As a general rule, a search incident to arrest is invalid if it "is remote in time or place from the arrest." *Preston v. United States*, 376 U.S. 364, 367, 84 S.Ct. 881, 883, 11 L.Ed.2d 777 (1964). However, if the police, while making an arrest, find probable cause to search the arrested individual's automobile, such a search then "proceeds on a theory wholly different from that justifying the search incident to an arrest." *Chambers v. Maroney*, 399 U.S. 42, 49, 90 S.Ct. 1975, 1980, 26 L.Ed.2d 419 (1970). Because it is the probable cause, not the arrest, that is then the justification for the search of the automobile, the police may search the impounded automobile at a later time. *See id.* at 52, 90 S.Ct. at 1981.

■ Here, the Lenexa police briefly searched the passenger compartment of McKinnell's vehicle incident to a lawful arrest. The police found both a firearm and controlled substances. These valid discoveries gave the police probable cause to conduct an additional, thorough search of the defendant's car. The police were justified in choosing to conduct this probable cause search at a later time in a protected and controlled environment. We hold that the trial court did not err in failing to suppress the evidence obtained in the searches of McKinnell's car.

### III.

McKinnell next contends that the trial court erred when it refused to dismiss count one of the superseding indictment—the count charging the defendant with using or carrying a firearm during or in relation to a drug trafficking crime—on the grounds of insufficient evidence. "Our standard for reviewing the sufficiency of evidence on criminal convictions is whether '[t]he evidence—both direct and circumstantial, together with the reasonable inferences to be drawn therefrom—is sufficient if, when taken in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt.'" *United States v. Brandon*, 847 F.2d 625, 630 (10th Cir.) (quoting *United States v. Hooks*, 780 F.2d 1526, 1531 (10th Cir.), *cert. denied*, 475 U.S. 1128, 106 S.Ct. 1657, 90 L.Ed.2d 199 (1986)), *cert. denied*, —— U.S. ——, 109 S.Ct. 510, 102 L.Ed.2d 545 (1988). The evidence supporting a conviction must be substantial, raising more than a mere suspicion of guilt. *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir.1987).

■ Section 924(c) of title 18 of the United States Code contains the applicable law, which provides in relevant part:

---

**1.** The *Belton* Court noted that:

"Container" here denotes any object capable of holding another object. It thus includes closed or open glove compartments, consoles, or other receptacles located anywhere within the passenger compartment, as well as luggage, boxes, bags, clothing, and the like. Our holding encompasses only the interior of the passenger compartment of an automobile and does not encompass the trunk.

*Belton*, 453 U.S. at 460 n. 4, 101 S.Ct. at 2864 n. 4.

Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years....

18 U.S.C. § 924(c)(1). At the time of this offense, section 924(c)(2) defined "drug trafficking crime" as "any felony violation of Federal law involving the distribution, manufacture, or importation of any controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)." 18 U.S.C. § 924(c)(2) (amended 1988). Count one of the superseding indictment alleged that the predicate "drug trafficking crime" was possession of cocaine with intent to distribute. Cocaine is a controlled substance under the federal statutes. See 21 U.S.C. §§ 802(6), 812(c) sched. II(a)(4). McKinnell contends, however, that possession with intent to distribute is not a felony "involving ... distribution, manufacture, or importation," 18 U.S.C. § 924(c)(2) (amended 1988). We disagree.

Possession of a controlled substance with intent to distribute that substance is a valid predicate offense for section 924(c)(1). See United States v. Nash, 876 F.2d 1359, 1361–62 (7th Cir.1989) (marijuana); United States v. Robinson, 857 F.2d 1006, 1010 (5th Cir.1988) (cocaine); United States v. Matra, 841 F.2d 837, 843 (8th Cir.1988) (cocaine); United States v. James, 834 F.2d 92, 92–93 (4th Cir.1987) (cocaine). We agree with the reasoning of the Eighth Circuit that: "Giving effect to the plain language of this statute ... violations 'involving' the distribution, manufacture, or importation of controlled substances must be read as including more than the crimes of distribution, manufacture, or importation." Matra, 841 F.2d at 843. Conviction of possession of cocaine with intent to distribute requires proof of specific intent to distribute. We find that it is an offense

"involving" the distribution of a controlled substance. See id. We hold that possession of a controlled substance with intent to distribute may be a predicate offense for the purposes of section 924(c)(1) and that McKinnell's contention of insufficient evidence fails.

■ At oral argument, McKinnell also argued that the mere presence of his firearm under a shopping bag on the passenger's seat next to him constituted insufficient evidence to sustain a conviction under section 924(c)(1). The statute penalizes a defendant who "uses or carries" a firearm during or in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1). Again, we disagree.

■ In their interpretation of the "uses" element of section 924(c)(1), several circuit courts have rejected arguments similar to McKinnell's contention. See United States v. Mason, 658 F.2d 1263, 1270–71 (9th Cir. 1981) (holstered weapon on seat of car next to companion of defendant); United States v. Coburn, 876 F.2d 372, 375 (5th Cir.1989) (shotgun displayed in rear window of pickup truck); United States v. Meggett, 875 F.2d 24, 29 (2d Cir.1989) (five firearms secreted about defendant's apartment); Robinson, 857 F.2d at 1010 (various firearms throughout defendant's house); Matra, 841 F.2d at 839, 841–43 (firearms secreted about house); United States v. Stewart, 779 F.2d 538, 539 (9th Cir.1985) (defendant in front of house while uzi rifle in trunk of car), cert. denied, 484 U.S. 867, 108 S.Ct. 192, 98 L.Ed.2d 144 (1987); see also United States v. Theodoropoulos, 866 F.2d 587, 597 (3d Cir.1989) (finding that three guns found in trash can on porch were not "used" under section 924(c) but loaded, accessible shotgun in plain view was "used" under section 924(c)); United States v. Cardenas, 864 F.2d 1528, 1533 (10th Cir.) (defendant constructively "carried" gun in glove compartment of car), cert. denied, — U.S. —, 109 S.Ct. 3197, 105 L.Ed.2d 705 (1989). As the Second Circuit has noted, "the cases are unanimous in holding that a defendant can 'use' a firearm within the meaning of § 924(c)(1) without firing,

brandishing, or displaying it." *Meggett,* 875 F.2d at 29. We agree with the Eighth Circuit that the "uses" element of section 924(c)(1) is met when the defendant has "ready access" to the firearm and the firearm "was an integral part of his criminal undertaking and its availability increased the likelihood that the criminal undertaking would succeed." *Matra,* 841 F.2d at 843. Here, the jury reasonably could have concluded that the firearm, located within easy reach of the defendant, was readily accessible to him and formed an integral part of his criminal undertaking by providing a means of protecting his operation and intimidating those encountered in the course of drug transactions. *See Coburn,* 876 F.2d at 375; *Robinson,* 857 F.2d at 1010; *Matra,* 841 F.2d at 843. We hold that sufficient evidence existed to support McKinnell's conviction on count one of the superseding indictment.

## IV.

■ McKinnell contends that his rights under the Speedy Trial Act of 1974, as amended in 1979, 18 U.S.C. §§ 3161–74 ("Speedy Trial Act") were violated and that the trial court erred in denying his motion for a new trial. Whether we construe McKinnell's motion as a motion for dismissal made under the Speedy Trial Act or as a general motion for a new trial, we review the trial court's denial of his motion under the abuse of discretion standard. *See United States v. Comosona,* 848 F.2d 1110, 1113 (10th Cir.1988) (dismissal for delay); *United States v. Page,* 828 F.2d 1476, 1478 (10th Cir.) (motion for new trial), *cert. denied,* 484 U.S. 989, 108 S.Ct. 510, 98 L.Ed.2d 508 (1987).

The Speedy Trial Act establishes the applicable time limits for commencing trial in criminal cases. *United States v. Rojas–Contreras,* 474 U.S. 231, 234, 106 S.Ct. 555, 557, 88 L.Ed.2d 537 (1985). Section 3161(c)(2) provides that "[u]nless the defendant consents in writing to the contrary, the trial shall not commence less than thir-

ty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se." 18 U.S.C. § 3161(c)(2). McKinnell contends that he was deprived of his rights under this provision.

McKinnell first appeared on the original indictment on January 28, 1988 and appeared a second time for an omnibus hearing and arraignment on February 11, 1988. The grand jury returned the superseding indictment on February 24, 1988. McKinnell appeared with counsel to address the superseding indictment on March 4, 1988. Trial commenced on March 28, 1988.

Based on these events, McKinnell contends that the thirty-day trial preparation period began to run on March 4 when he appeared on the superseding indictment. Because the trial commenced less than 30 days later, McKinnell contends that the trial court violated the clear language of section 3161(c)(2). We disagree.

The Supreme Court addressed the relationship of superseding indictments to the provisions of the Speedy Trial Act in *Rojas–Contreras.* The Court rejected the argument that a superseding indictment begins a new thirty day period under section 3161(c)(2):

> The statute clearly fixes the beginning point for the trial preparation period as the first appearance through counsel. It does not refer to the date of the indictment, much less to the date of any superseding indictment. Given this unambiguous language, we have no choice but to conclude that Congress did not intend that the 30–day trial preparation period begin to run from the date of filing of a superseding indictment.

*Id.* at 234, 106 S.Ct. at 557.[2] *Rojas–Contreras* held that the defendant's thirty day period ran from his first appearance with counsel. *See id.* at 233, 236, 106 S.Ct. at 556, 558.

The Court emphasized, however, that it did not hold "that a defendant must always be compelled to go to trial less than 30

---

2. The court also noted that both the legislative history of the Speedy Trial Act and the contrasting language of § 3161(c)(1) supported its read-

ing of § 3161(c)(2). *Rojas–Contreras,* 474 U.S. at 235–36, 106 S.Ct. at 557–58.

days after the filing of [a superseding] indictment." *Id.* at 236, 106 S.Ct. at 558. The Speedy Trial Act gives the trial court broad discretion to grant a continuance when a party has been prejudiced by a superseding indictment:

> The Act itself places broad discretion in the District Court to grant a continuance when necessary to allow further preparation. Section 3161(h)(8) authorizes the trial judge to grant a continuance if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The authority of the District Court to grant an "ends of justice" continuance should take care of any case in which the Government seeks a superseding indictment which operates to prejudice a defendant.

*Id.* McKinnell did not seek an "ends of justice" continuance.

■ If, therefore, McKinnell has any right under the Speedy Trial Act to a dismissal, that right must derive from section 3162(a)(2), which governs the maximum time that may elapse between indictment and trial:

> If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant.... *Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver* of the right to dismissal under this section.

18 U.S.C. § 3162(a)(2) (emphasis added). McKinnell first raised his Speedy Trial Act claim in a motion before the trial court for a new trial. We hold that even if McKinnell might have been entitled to relief under section 3161(a)(2), he waived his rights to that relief by his failure to move for dismissal prior to trial. We thus hold that the trial court did not abuse its discretion in denying McKinnell's motion for a new trial.

## V.

■ McKinnell asserts that the trial court erred in admitting into evidence testimony that related to a prior criminal act by the defendant for the purpose of showing intent. We review the trial court's decision under an abuse of discretion standard. *United States v. Record,* 873 F.2d 1363, 1373 (10th Cir.1989).

At trial, the Government introduced the testimony of a former undercover narcotics officer of the Overland Park, Kansas, Police Department. The witness testified that he had purchased cocaine from McKinnell in an undercover transaction less than two months prior to McKinnell's arrest in this case. The Government informed the trial court that it was offering the evidence in order to prove intent pursuant to Federal Rule of Evidence 404(b), which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Fed.R.Evid. 404(b). McKinnell contends that the admission of the evidence was improper under Rule 404(b), and that the evidence also should have been barred under the general test of Federal Rule of Evidence 403, which allows the exclusion of otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed.R. Evid. 403. We disagree and hold that the court properly admitted the evidence.

We have long recognized the admissibility of previous wrongs and crimes in the context of narcotics violations, especially when the prior activity was close in time, highly probative, and similar to the activity with which the defendant is charged. *See Record,* 873 F.2d at 1375; *United States v. Brown,* 770 F.2d 912, 914 (10th Cir.1985), *rev'd on other grounds,* 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987); *United States v. Bridwell,* 583 F.2d 1135, 1140 (10th Cir.1978). The Government charged McKinnell with the specific intent crime of possession of a controlled substance with intent to distribute. In his defense, McKin-

nell contended that the entire quantity of cocaine recovered by the police was for his own personal use. McKinnell's intent was clearly at issue, and we find the testimony concerning the recent and related criminal activity to be sufficiently probative of that intent to support its admission. Furthermore, the determination that the evidence should not have been excluded under rule 403 was well within the broad discretion of the trial court. We hold that the trial court did not abuse its discretion in admitting the testimony into evidence.

## VI.

Finally, McKinnell argues that the trial court erred in denying his motion for a mistrial based upon improper rebuttal testimony. At trial, McKinnell testified that by the time of his arrest he had developed a voracious appetite for cocaine and that all the cocaine seized by the police was for his personal use. McKinnell stated that he had not sold and had no intention of selling the cocaine. As rebuttal testimony, the Government called a Lenexa police officer who had interviewed McKinnell while he was in custody. The officer testified that McKinnell told him that he sold cocaine to his friends. The officer also testified that McKinnell refused to supply the officer with the names of his customers, associates, or supplier. McKinnell moved for a mistrial based on the admission of this testimony.

McKinnell contends that the testimony contained alleged admissions obtained after he stated that he did not wish to speak with the police until he met with a lawyer. McKinnell argues that the police violated his rights under the fifth and fourteenth amendments to the U.S. Constitution, U.S. Const. amends. V, XIV, by continuing to question him without a lawyer. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). The Government, however, claims not that the testimony would have been properly admissible in its case in chief, but rather that the testimony was properly admitted as impeachment testimony.

The Supreme Court has clearly held that evidence obtained in violation of a defendant's *Miranda* rights is not admissible as substantive evidence on the issue of a defendant's guilt but may be admitted as impeachment evidence. "The shield provided by *Miranda* cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances." *Harris v. New York*, 401 U.S. 222, 226, 91 S.Ct. 643, 646, 28 L.Ed.2d 1 (1971). At trial, McKinnell testified that he had not sold and had no intention of selling cocaine. His prior admission to the police that he had sold cocaine was inconsistent with this testimony and was therefore admissible as impeachment evidence.

McKinnell further contends that the part of the rebuttal testimony concerning his refusal to supply the police with names was improper because it referred to the silence that followed McKinnell's invocation of his *Miranda* rights. We agree. The Supreme Court has made it clear that a defendant's silence at the time of arrest and following the *Miranda* warnings may not be used for impeachment purposes. *See Doyle v. Ohio*, 426 U.S. 610, 618, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91 (1976). Although it is true that the police, pursuant to *Miranda*, merely tell a suspect that he has the right to remain silent and do not give an "express assurance that silence will carry no penalty, such assurance is implicit to any person who receives the warnings." *Id.*

The Government counters that McKinnell merely stated that he did not want to answer the questions, not that he was invoking his right to remain silent. It was not necessary, however, that McKinnell continually reassert his rights. He had already stated that he wished to remain silent until he spoke with an attorney. The police could not reinitiate the interrogation and then comment at trial on McKinnell's constitutional right to remain silent. *See Edwards*, 451 U.S. at 484, 101 S.Ct. at 1884; *Doyle*, 426 U.S. at 619, 96 S.Ct. at 2245.

■ At trial, the interviewing officer testified that McKinnell "would not divulge" the names of his customers, sources of supply or other associates. The officer also testified that McKinnell "would not respond" when the officer asked McKinnell to identify his suppliers. We hold that the officer's testimony constituted an impermissible comment on McKinnell's constitutional right to remain silent and that the trial judge erred when he overruled McKinnell's objection to the admission of this testimony. We also note that we do not reach the issue of whether McKinnell properly objected to all the testimony so as to preserve this issue for review. This court has made clear that, "The magnitude of the right involved is such that the comments on ... post-arrest silence constitute 'plain error.' Accordingly, the lack of an objection may be disregarded. *See* Fed.R.Crim.P. 52(b)." *United States v. Barton*, 731 F.2d 669, 675 (10th Cir.1984) (other citations omitted).

■ Once we find a violation of a defendant's constitutional rights, the conviction can stand only if we are satisfied beyond a reasonable doubt that the error was harmless. *See Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). We have little difficulty concluding that the error in this case was harmless. The government's evidence overwhelmed McKinnell's defense that he used but did not sell cocaine. One officer testified that he had purchased cocaine from McKinnell in an undercover operation. Another officer testified that McKinnell admitted to him that he had sold cocaine to his friends. Furthermore, we find that the probable impact on the average jury of the testimony in question is insignificant. McKinnell's refusal to name names is simply not directly probative of his guilt or innocence. We hold that the trial court's error in admitting the impeachment testimony was harmless.

## VII.

We hold that the trial court did not err in its refusal to suppress the evidence obtained in the searches of McKinnell's automobile, that sufficient evidence existed to support McKinnell's conviction on count one of the superseding indictment, that the trial court did not abuse its discretion in admitting evidence of prior criminal activity, and that McKinnell is not entitled to a reversal on the basis of any violation of his constitutional rights. We AFFIRM.