930 F.2d 36
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darlene Rachel SILVA, Defendant-Appellant.
 No. 90-2033.
 United States Court of Appeals, Tenth Circuit.
 April 4, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 Defendant-appellant Darlene R. Silva pled guilty to one count each of possession and conspiracy to possess more than 500 grams of cocaine with intent to distribute. See 21 U.S.C. Secs. 846, 841(b)(1)(B) (1988). After an evidentiary hearing, the district court added two levels to the base offense level for these crimes upon finding that Silva was in possession of a firearm during their commission. On appeal, Silva challenges this two level sentencing enhancement.[1] We affirm.
 
 
 2
 Section 2D1.1(b)(1) of the Federal Sentencing Guidelines states that possession of a dangerous weapon during a drug trafficking offense requires a two level increase in offense level. 18 U.S.C.A. Appendix 4, Sec. 2D1.1(b)(1) (Jan. 1, 1990). This upward adjustment is required "unless it is clearly improbable that the weapon was connected with the offense." Id. Sec. 2D1.1 comment 3; United States v. Goddard, No. 90-8038, slip op. at 7 (10th Cir. March 27, 1991). The factual findings underlying the district court's decision to impose a section 2D1.1(b)(1) enhancement are subject to review under the clearly erroneous standard, while we accord due deference to the district court's application of the guidelines to the facts. See United States v. Roberts, 898 F.2d 1465, 1468 (10th Cir.1990) (quoting 18 U.S.C. Sec. 374(e) (1988)).
 
 
 3
 On appeal, Silva argues that the district court erred in invoking section 2D1.1(b)(1) because Silva proved that it was "clearly improbable" that possession of the weapon was connected with her drug offense when she testified that she carried the weapon solely in response to personal threats made against her and her son. There is, however, other evidence in the record indicating that the weapon was in fact connected with Silva's drug trafficking. This evidence includes testimony by an undercover police officer that Silva reached for the purse containing the loaded handgun during her arrest and that she had previously told him that she would not hesitate to use the gun if she ever was arrested in a drug transaction. This evidence was sufficient to rebut Silva's contention regarding the improbability that the weapon was connected with her drug trafficking and to support the district court's enhancement of her sentence pursuant to section 2D1.1(b)(1). See United States v. Garcia, No. 90-1323 (7th Cir. Feb. 6, 1991) (possession of loaded handgun secretly but readily accessible to defendant sufficient to support enhancement under section 2D1.1(b)(1)); cf. United States v. McKinnell, 888 F.2d 669, 674 (10th Cir.1989) (presence of firearm under shopping bag on car seat next to defendant was sufficient evidence to sustain defendant's conviction pursuant to 18 U.S.C. Sec. 924(c)(1) for carrying or using a firearm during a drug crime). Accordingly, we AFFIRM the sentence entered by the United States District Court for the District of New Mexico. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument