931 F.2d 64
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark A. MCKINNELL, Defendant-Appellant.
 No. 90-3264.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 Defendant-appellant Mark McKinnell was found guilty of possessing approximately forty-eight grams of cocaine with intent to distribute in violation of 18 U.S.C. Sec. 841(a)(1) and carrying a firearm during or in relation to a drug trafficking crime in violation of 21 U.S.C. Sec. 924(c)(1). Defendant's conviction was upheld by this court. United States v. McKinnell, 888 F.2d 669 (10th Cir.1989). Defendant has now filed a motion pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure to correct his sentence. We reverse the district court's denial of this motion, vacate defendant's sentence, and remand for resentencing.
 The recent changes in the system for postconfinement monitoring of drug offenders was explained by Justice Kennedy in the recent Supreme Court decision Gozlon-Peretz v. United States, 111 S.Ct. 840, 843 (1991):
 
 
 1
 Before 1984, drug offenders sentenced to prison were required to serve terms of special parole following their incarceration. The Sentencing Reform Act of 1984 eliminated special parole and, in its place, established conditions for the new system of supervised release. To ensure the orderly implementation of this change, Congress delayed the effective date of the Sentencing Reform Act's supervised release provisions until November 1, 1987. A year before that date, however, Congress enacted the Anti-Drug Abuse Act of 1986 (ADAA), which mandates terms of supervised release for certain drug offenses.
 
 
 2
 The Supreme Court has determined the provision of the ADAA relating to supervised release, 21 U.S.C. Sec. 841(b)(1)(A), became effective on the date it was enacted, October 27, 1986, rather than the effective date of the Sentencing Reform Act of 1984, November 1, 1987. Id. at 848-49. Courts sentencing individuals who committed offenses after October 27, 1986 should therefore impose a term of supervised release rather than a special parole term.
 
 
 3
 Defendant committed the drug and firearm offenses on July 5, 1987. The sentencing court therefore erred in imposing a special parole term of four years. We REVERSE the district court's denial of defendant's Rule 35(a) motion, VACATE defendant's sentence, and REMAND for resentencing consistent with this opinion. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3