13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Boyd D. RANSOM, Defendant-Appellant.
 No. 93-3071.
 United States Court of Appeals, Tenth Circuit.
 Dec. 20, 1993.
 
 1
 Before ANDERSON and EBEL, Circuit Judges, and WINDER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Defendant-appellant Boyd D. Ransom appeals the district court's denial of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. 2255. Because Ransom's plea was entered voluntarily and was supported by a factual basis, and because he has not shown that his counsel was ineffective, we affirm.
 
 
 4
 Mr. Ransom was charged with four criminal counts: (1) manufacturing a substance containing methamphetamine in violation of 21 U.S.C. 841(a)(1); (2) possessing certain chemicals with the intent to manufacture a substance containing methamphetamine in violation of 21 U.S.C. 841(a)(1); (3) using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. 924(c)(1); and (4) possessing an unregistered firearm in violation of 26 U.S.C. 5861(d). Upon the advice of his attorney, Ransom agreed to plead guilty to the first and third counts in exchange for dismissal of the remaining charges. He now contends that his plea was not voluntarily and knowingly given with a full understanding of the jurisdictional elements of count three; that his plea was not supported by a factual basis; and that his attorney was ineffective.
 
 
 5
 We review de novo whether a defendant's plea was entered into knowingly and voluntarily. Laycock v. New Mexico, 880 F.2d 1184, 1186 (10th Cir.1989). A guilty plea, like all final judgments, is presumed valid, and a defendant who wishes to collaterally attack such a plea bears the burden of showing that its entry was not knowing and voluntary. Parke v. Raley, 113 S.Ct. 517, 523-24 (1992).
 
 
 6
 To establish a violation of 18 U.S.C. 924(c)(1), the prosecution must prove that a defendant "use[d] or carrie[d]" a firearm "during and in relation to" a drug trafficking crime. Ransom first argues that he was not informed of the "use or carry" element and that had he known of this requirement he never would have pled guilty to count three. His claim, however, is contradicted by the record.
 
 
 7
 Three colloquies took place between Ransom and the court which demonstrate that Ransom was informed of this element. First, when taking Ransom's plea, the court described count three as alleging that "during this manufacture of methamphetamine that you did have a firearm, use and carry a firearm, a Hopkins double-barrel 12 gauge shotgun, with a barrel length of approximately 18 and a half inches." R. Supp. I at 16. Second, in describing the elements of the crime, the court explained to Ransom that his possession of the firearm had to be "in relation to" the drug trafficking crime. Id. at 14.
 
 
 8
 Finally, when asked what happened, Ransom informed the court that he had possessed the shotgun "in violation of 18 U.S.C. 942(c)(1) ... as the terms have been defined by several circuits to and including the Tenth Circuit." Id. at 15. This statement encompassed our opinion in United States v. McKinnell, 888 F.2d 669, 675 (10th Cir.1989), in which we held that the "use" element is met "when the defendant has 'ready access' to the firearm and the firearm 'was an integral part of his criminal undertaking and its availability increased the likelihood that the criminal undertaking would succeed.' " (quoting United States v. Matra, 841 F.2d 837, 843 (8th Cir.1988)). The record demonstrates Ransom's understanding that 924(c)(1) included, as one of its elements, the requirement that he used or carried the firearm in relation to his manufacture of methamphetamine.
 
 
 9
 So, too, the record belies Ransom's claim that there was an inadequate factual basis for his plea. When entering his plea, he expressly agreed that he had "use[d] and carr[ied]" the shotgun "during" his manufacture of methamphetamine, id. at 16, thus providing a factual basis for the acceptance of his plea.
 
 
 10
 Finally, Ransom has not met his burden of showing that his attorney's representation was ineffective. There exists a strong presumption that counsel's conduct reflects professionally reasonable strategic choices. Strickland v. Washington, 466 U.S. 668, 689 (1984). Here, Ransom's claim of ineffectiveness rests solely upon his attorney's advice that Ransom could be convicted of violating 924(c)(1) based on his possession of the shotgun. As shown above, Ransom's admitted conduct of using or carrying the shotgun during his manufacture of methamphetamine was sufficient to support his conviction for this offense. Therefore, counsel's advice was not erroneous and did not fall below "an objective standard of reasonableness." Id. at 688.
 
 
 11
 The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable David K. Winder, Chief Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3