38 F.3d 1221
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jesse Lee WILLS, Defendant-Appellant.
 No. 94-5057.
 United States Court of Appeals, Tenth Circuit.
 Oct. 17, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.[2]
 
 
 1
 Defendant Jesse Lee Wills appeals his conviction for using a firearm during a drug trafficking offense, 18 U.S.C. 924(c)(1). We have jurisdiction under 28 U.S.C. 1291, and we affirm.
 
 
 2
 In late May 1993, a confidential informant ("CI") contacted Officer Dwight Jackson of the Tulsa, Oklahoma Police Department regarding a house in Tulsa, Oklahoma where drugs were kept and sold. The CI explained that the resident of the house, the Defendant, was selling drugs through a middleman ("Middleman"). Officer Jackson arranged for the CI to make a controlled buy of drugs from the Defendant through the Middleman.
 
 
 3
 On May 27, 1993 Officer Jackson met with the CI, gave him the money to purchase the drugs, and then stationed himself nearby where he could observe the controlled buy. At that time, the CI approached and knocked on the front door of the Middleman's house. Officer Jackson observed the Middleman exit the house and enter the CI's vehicle. A short time later, the Middleman exited the vehicle, walked to the Defendant's house on the same block, knocked, and gained admittance. Officer Jackson then observed the Middleman exit the Defendant's house and walk back to the CI's vehicle. The Middleman handed the CI a small object and the CI drove from the scene.
 
 
 4
 Officer Jackson followed the CI to a pre-arranged place where the CI handed him approximately one gram of powder in a small package. A preliminary field test conducted on the contents of the package revealed the presence of cocaine. During two hours of further surveillance, Officer Jackson observed another person "go through the same routine as the [CI]."
 
 
 5
 Officer Jackson presented an affidavit containing the above observations to a magistrate who issued a search warrant for the Defendant's residence. On June 3, 1993, Officer Jackson and other Tulsa Police officers executed the search warrant at Defendant's residence in Tulsa, Oklahoma. Defendant was present in the house during the search. The officers found 6.56 ounces of powder cocaine, 18.14 ounces of marijuana, $9,707 in U.S. currency, a set of scales for measuring the drugs, a substance commonly used to dilute powder cocaine in order to increase profits, sifters, funnels, razors, and packaging materials. The officers also found ten firearms in the same rooms as the drugs, including four handguns, three rifles, three shotguns, and several hundred rounds of ammunition. Nine of the ten firearms were loaded. The officers also discovered a fifty dollar bill with a serial number that matched the serial number of a fifty dollar bill that Officer Jackson had given the CI to make the controlled buy.
 
 
 6
 Defendant was arrested and later indicted for use of firearms during the commission of a drug trafficking offense, 18 U.S.C. 924(c)(1).[3] Defendant filed a motion to suppress the evidence obtained during the search on the grounds that Officer Jackson's affidavit did not establish sufficient probable cause for the magistrate to issue a search warrant for the Defendant's house. Defendant also moved to dismiss the indictment for insufficient evidence to support a violation of 18 U.S.C. 924(c)(1). After a suppression hearing, the district court denied Defendant's motion to suppress, finding "that under the totality of the circumstances presented in the affidavit, the magistrate had a substantial basis for finding a fair probability that contraband or other evidence of a crime would be found in the Defendant's residence." The district court also denied Defendant's motion to dismiss the indictment, finding that the presence of the loaded firearms in the room with the controlled substances presented sufficient evidence to conclude the Defendant used firearms during the commission of a drug trafficking crime.
 
 
 7
 At trial, over Defendant's objection, the district court instructed the jury the search warrant was properly issued and served. The jury convicted the Defendant of using a firearm during a drug trafficking offense, 18 U.S.C. 924(c)(1). This appeal followed.
 
 
 8
 On appeal, Defendant contends the district court erred by: (1) denying Defendant's motion to suppress; (2) rejecting Defendant's motion to dismiss the indictment for insufficient evidence; and (3) instructing the jury the search warrant was properly issued and served. We address each of Defendant's claims in turn.
 
 I.
 
 9
 Defendant first claims the district court erred in denying his motion to suppress. Specifically Defendant claims the search warrant was invalid because the supporting affidavit did not state: (1) the CI was reliable, and (2) Officer Jackson personally observed the Defendant sell the cocaine during the controlled buy.
 
 
 10
 "In reviewing the denial of a motion to suppress, we accept the trial court's findings of fact unless they are clearly erroneous and we view the evidence on appeal in a light most favorable to the government." United States v. Knapp, 1 F.3d 1026, 1027 (10th Cir.1993). "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed." Illinois v. Gates, 462 U.S. 213, 238-39 (1983) (quoting Jones v. United States, 362 U.S. 257, 271 (1960)). We evaluate information supplied by an informant for probable cause in a search warrant under a totality-of-the-circumstances test. Id. at 238. "[W]e must determine whether, under the totality of the circumstances presented in the affidavit, the judicial officer had a substantial basis for finding a fair probability that contraband or other evidence of a crime would be found in the place to be searched." United States v. Hager, 969 F.2d 883, 887 (10th Cir.) (citing Gates, 462 U.S. at 238), cert. denied, 113 S.Ct. 437 (1992).
 
 
 11
 We reject Defendant's first argument that the search warrant was invalid because Officer Jackson did not state in the affidavit that the CI was reliable. In Gates, the Supreme Court abandoned the requirement that a police officer set forth an informant's reliability in the affidavit. See Gates, 462 U.S. at 238. Instead, the Court determined that a magistrate must evaluate the adequacy of an affidavit based upon information disclosed by a confidential informant under a flexible totality-of-the-circumstances test. Id. Although a confidential informant's reliability remains a relevant factor under a totality-of-the-circumstances analysis, id. at 233, Officer Jackson's failure to state in the affidavit whether the CI was reliable does not render the search warrant invalid.[4]
 
 
 12
 We also reject Defendant's argument that the search warrant was invalid because the affidavit failed to show Officer Jackson personally observed Defendant deliver cocaine to the Middleman during the controlled buy. "The mere fact an affidavit does not contain personal knowledge of illegal activity at the residence is not fatal to the determination of probable cause." United States v. Parrish, 925 F.2d 1293, 1296 (10th Cir.1991).
 
 
 13
 Officer Jackson's affidavit stated that the CI approached him with information regarding a house where drugs were kept and sold. However, the magistrate's finding of probable cause was not premised solely on the tip from the CI. The information supplied by the CI was corroborated by Officer Jackson's detailed observations of the controlled buy, and his additional surveillance wherein he observed an unknown individual go through the same routine as did the CI. Based on this evidence, we conclude that under a totality-of-the-circumstances analysis the magistrate had a substantial basis for concluding there was probable cause that drugs were located at the Defendant's residence. Thus, the district court did not err in denying Defendant's motion to suppress.
 
 II.
 
 14
 Defendant next contends the district court erred in refusing to dismiss the indictment for insufficient evidence. Specifically, Defendant argues there is no evidence that he used firearms in the commission of a drug trafficking crime.[5]
 
 
 15
 Evidence is sufficient to support a criminal conviction if a reasonable jury could find the defendant guilty beyond a reasonable doubt, given the direct and circumstantial evidence, along with reasonable inferences therefrom, taken in a light most favorable to the government. United States v. McKinnell, 888 F.2d 669, 673 (10th Cir.1989). "The evidence supporting a conviction must be substantial, raising more than a mere suspicion of guilt." Id.
 
 
 16
 Section 924(c)(1) requires the imposition of penalties if the defendant, "during and in relation to any ... drug trafficking crime ... uses or carries a firearm." 18 U.S.C. 924(c)(1). The government must satisfy two elements under 924(c)(1). "First, the prosecution must demonstrate that the defendant use[d] or carrie[d] a firearm. Second, it must prove that the use or carrying was during and in relation to a ... drug trafficking crime." Smith v. United States, 113 S.Ct. 2050, 2053 (1993) (internal quotations omitted) (alterations in original).
 
 
 17
 Under 924(c)(1), "use" does not require that the defendant brandish, display, discharge, or actually possess the firearm, nor must a drug transaction occur in the place where the drugs or firearms are found. United States v. Hager, 969 F.2d 883, 889 (10th Cir.), cert. denied, 113 S.Ct. 437 (1992). Rather, a defendant "uses" a firearm when: " the defendant has ready access to the firearm and the firearm was an integral part of his criminal undertaking and its availability increased the likelihood that the criminal undertaking would succeed." McKinnell, 888 F.2d at 675 (internal quotations omitted). "The 'ready access' element requires evidence the firearm was available to the defendant in the vicinity where the drug trafficking offense took place." Parrish, 925 F.2d at 1297.
 
 
 18
 Applying these principles to the instant case, we first conclude the evidence was sufficient to show Defendant had "ready access" to firearms. Officers found ten firearms, nine of which were loaded, in the southeast bedroom of the Defendant's house with 6.56 ounces of cocaine, 18.14 ounces of marijuana, and $9,707 in U.S. currency. The firearms were located in a closet, a gun cabinet, and on a desk in the middle of the room. The officers also found a loaded shotgun in the corner of the southwest bedroom. From this evidence, a jury could have reasonably concluded the firearms were available to the Defendant at all times where the drug trafficking offense took place. See Parrish, 925 F.2d at 1297.
 
 
 19
 We further conclude the evidence sufficiently established the firearms were an integral part of the Defendant's criminal activity. The "integral part" element "requires a nexus between the readily accessible firearms and the drug trafficking offense." Id. at 1298. Firearms used by drug dealers to protect themselves, their drugs, and their money form an integral part of the criminal undertaking. Id.
 
 
 20
 Here, the presence of the controlled substances and the cash in the room with nine firearms demonstrates a likely connection between the firearms and the offense of possession with intent to distribute a controlled substance. Parrish, 925 F.2d at 1298. As we noted above, there was sufficient evidence of the availability of the firearms to Defendant. The jury reasonably could have concluded beyond a reasonable doubt from all the evidence that Defendant kept the firearms to protect himself, the controlled substances, and the cash. These circumstances provide substantial evidence that Defendant used the firearms in relation to a drug trafficking offense. We therefore hold that sufficient evidence existed to support Defendant's conviction for a violation of 924(c)(1). Thus, the district court did not err in denying Defendant's motion to dismiss based upon insufficient evidence.
 
 III.
 
 21
 Finally, Defendant contends the district court improperly instructed the jury that the search warrant was properly issued and served.[6] Defendant does not contend the instruction misstated the law or misled the jury. Rather, Defendant argues that he was denied a fair trial because the district court instructed the jury that the search warrant was properly issued and served. Specifically, Defendant maintains that the district court threatened to deliver the instruction at issue unless defense counsel ceased cross-examining witnesses regarding the search warrant. Defense counsel asserts he did not inquire further about the search warrant in the presence of the jury, thus the district court erred when it delivered the instruction. However, we deem the issue waived on appeal because Defendant fails to cite any legal authority to support his argument that the tendered instruction constituted reversible error. See Jordan v. Bowen, 808 F.2d 733, 736 (10th Cir.), cert. denied, 484 U.S. 925 (1987).[7]
 
 
 22
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Both parties waived oral argument. This case is therefore ordered submitted on the briefs
 
 
 [3]
 The predicate drug trafficking offense was possession with intent to distribute a controlled substance, 21 U.S.C. 841(a)(1). However, because the government did not seek a federal conviction for the underlying offense, the indictment charged the Defendant only with a violation of 18 U.S.C. 924(c)(1)
 
 
 [4]
 We find it disturbing that defense counsel failed to cite Gates or Tenth Circuit authority when addressing this issue in his brief, but instead directed us to state caselaw
 
 
 [5]
 Defendant also asserts the evidence was insufficient to show he carried firearms within the meaning of 924(c)(1). The government, however, does not contend that the Defendant actually carried a firearm. We therefore confine our inquiry to whether the government has established "use" under the statute
 Defendant also maintains there is no evidence that he used firearms during the May 1993 controlled buy observed by Officer Jackson. As Defendant is not charged with conduct arising from the May 1993 controlled buy, we need not address Defendant's claim.
 
 
 [6]
 The instruction provided: "The court has previously determined that the search warrant used by law enforcement on June 3, 1993, to enter the residence of the defendant, Jesse Lee Wills, was properly issued and served."
 
 
 [7]
 We also disagree with Defendant's factual argument. The record clearly demonstrates that defense counsel questioned Officer Jackson regarding the search warrant after the district court warned defense counsel not to do so. Vol. IV. pp. 18-22. The district court did not therefore ambush defense counsel with the instruction as suggested in Defendant's brief