**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 20 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RODERICK V. WORMLEY,

Defendant-Appellant.

No. 97-2318
(D.C. No. CR 96-685-LH)
(New Mexico)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **BRISCOE,** Circuit Judges.

The defendant, Mr. Roderick Wormley, was convicted of conspiracy to possess and possession with intent to distribute cocaine base (crack) in violation of 21 U.S.C. § 846 and § 841(b)(1)(A). He appeals the denial of his motion to suppress evidence, the inclusion of his prior bad acts as evidence at trial, and the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

length of his sentence.[1]  We affirm the district court.[2]

In November 1996, Mr. Wormley arranged for a drug sales expedition from Dallas, Texas to Hobbs, New Mexico.  He provided cash for motel accommodations, meals, and travel for himself and two co-defendants, Troy Brewer and Kenneth Rivers.  At the Econolodge Motel in Hobbs, Mr. Brewer rented two rooms under his name:  room 258 where Mr. Brewer and Mr. Rivers stayed, and room 253 where Mr. Wormley and his evening escort stayed.  The next morning, Messrs. Wormley, Brewer and Rivers left the motel for the day.  The motel cleaning attendant, Ms. Margaret Sanchez, discovered clear plastic baggies containing several white yellowish rocks while making the bed in room 258.  Although Ms. Sanchez had never seen crack cocaine, she phoned the Hobbs Police Department and described the suspicious items to Detective Sergeant David Gartman, who determined the rocks were most likely crack.  Sending other officers to maintain surveillance on room 258, Detective Gartman began to prepare an affidavit for a search warrant.

---

[1]Mr. Wormley also argues that the testimony against him from co-defendants who exchanged testimony for plea agreements was improperly motivated and should not have been admitted.  This argument has been foreclosed. *See United States v. Singleton*, 165 F.3d 1297 (10th Cir. 1999) (*en banc*).

[2]The district court extended Mr. Wormley's time for filing his notice of appeal after finding that Mr. Wormley showed excusable neglect.  We agree with the parties that we have jurisdiction over this appeal.

After obtaining a warrant, the officers found over 6 ounces of crack cocaine, valued at about $25,000, under the mattress in the motel room and inside a paper towel near a vanity. As Messrs. Wormley, Brewer and Rivers returned to the motel that afternoon, they were instantly arrested and searched. Mr. Brewer had $244 and a small amount of crack in his pocket, and Mr. Wormley had $1019 in cash on him. Mr. Rivers and Mr. Brewer both pled guilty and testified against Mr. Wormley at trial.

Mr. Wormley first contends he is entitled to a new trial because the district court erred in denying his motion to suppress evidence obtained from the motel room in violation of his Fourth Amendment right to privacy. The district court held that Mr. Wormley did not have "standing"[3] to object to the search of the motel room. In order to determine whether an accused possesses protectable privacy rights under the Fourth Amendment, we must make a two-step analysis: first,"a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and [second,] that his expectation is reasonable," that is, recognized and permitted by society. *Minnesota v. Carter*, 119 S. Ct. 469, 472 (1998) (holding defendant lacked reasonable expectation of privacy in apartment he visited solely for purpose of packaging cocaine for distribution).

---

[3]As we recently pointed out, the appropriate characterization is whether defendant has shown a substantive Fourth Amendment violation of his own rights. *United States v. Gordon*, 168 F.3d 1222, 1225 n.2 (10th Cir. 1999).

In the instant case, Mr. Wormley's only claim to an expectation of privacy in room 258 is that a set of keys belonging to him were found there. However, the room was not registered in his name and he was, in fact, staying in another room in the motel. It is apparent on these facts that Mr. Wormley did not have a protectable Fourth Amendment privacy right in the motel room. *See United States v. Gordon*, 168 F.3d 1222, 1226 (10th Cir. 1999) (holding defendant has no privacy expectation in motel room not registered to or occupied by him notwithstanding he had key to room and gave occupant money to pay for room). Having so concluded, we need not address Mr. Wormley's other claims of search and seizure violations grounded in his nonexistent Fourth Amendment rights.

Mr. Wormley also contends that his 1995 arrest for possession of 251 grams of cocaine and $5128 in cash found during the stop of a vehicle in which he was a passenger should not have been admitted in this trial as a prior bad act under Federal Rule of Evidence 404(b). Mr. Wormley does not appeal the admission of evidence concerning his prior possession of crack in 1993.

We review a district court's decision to admit evidence of prior bad acts under 404(b) for an abuse of discretion. *See United States v. Hardwell*, 80 F.3d 1471, 1488 (10th Cir.1996). There are four requirements for admissibility under Rule 404(b): (1) evidence of other crimes, wrongs, or acts must be introduced for a proper purpose; (2) the evidence must be relevant; (3) the court must make a

Rule 403 determination whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) the court, upon request, must instruct the jury that the evidence of similar acts is to be considered only for the limited purpose for which it was admitted. *See United States v. Fitzherbert*, 13 F.3d 340, 343 (10th Cir. 1993) (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)). "Knowledge and intent are proper purposes for other crimes evidence under Rule 404(b). The introduction of evidence of prior drug distribution to show intent and knowledge in a drug trafficking offense is appropriate." *Hardwell*, 80 F.3d 1489. Moreover, a prior crime is admissible even without a conviction as long as there is sufficient evidence such that the jury could reasonably conclude that the defendant committed the prior acts. *Huddleston*, 485 U.S. at 689.

Mr. Wormley denied all charges against him, inviting the government to offer as a proper purpose evidence of intent and knowledge of drug distribution. The prior arrest was only a year earlier, the substance was the same, and the amount of drugs found implicated distribution. This "prior narcotic involvement is relevant [because] that conduct is 'close in time, highly probative, and similar to the activity with which the defendant is charged.'" *United States v. Wilson*, 107 F.3d 774, 785 (10th Cir. 1997) (quoting *United States v. McKinnell*, 888 F.2d 669, 676 (10th Cir. 1989)). The district court found, and we agree, that the

probative value outweighed any prejudice, especially since the court gave explicit limiting instructions and Mr. Wormley's counsel had ample opportunity to cross examine all the witnesses testifying to the prior arrest. The district court did not abuse its discretion in allowing the prior arrest evidence under 404(b).

Finally, Mr. Wormley contests his sentencing, contending he should not have received an enhancement for being an organizer or leader because the testimony of his co-defendants was not credible. We review for clear error a district court's findings of fact. *See United States v. Cantley*, 130 F.3d 1371, 1379 (10th Cir. 1997). "[W]e accord considerable deference to the district court's credibility determination." *United States v. Cook*, 949 F.2d 289, 297 (10th Cir. 1991). The record shows that it was well within the district court's discretion to determine the credibility of Mr. Brewer and Mr. Rivers and to assign weight to their testimony in light of the ample corroborating evidence.

We **AFFIRM** Mr. Wormley's conviction and sentence.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge