60 F.3d 837
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 UNITED STATES of America, Plaintiff/Appellee,
v.
Jerry GRIST, Defendant/Appellant.
 No. 94-6049.
 United States Court of Appeals,
Tenth Circuit.
 June 1, 1995.
 
 1
 Before BRORBY and EBEL, Circuit Judges, and BRATTON**, District Judge.
 
 
 2
 On June 2, 1993, Jerry Grist was indicted for one count of conspiracy to distribute cocaine and methamphetamine in violation of 21 U.S.C. Sec. 846, seven counts of using a telephone to facilitate a drug transaction in violation of 21 U.S.C. Sec. 843(b) and one count of conspiracy to conduct a financial transaction with proceeds of an unlawful activity in violation of 18 U.S.C. Sec. 371.
 
 
 3
 On September 7, 1993, Mr. Grist entered a conditional plea of guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. Sec. 846. Mr. Grist appeals the denial of his suppression motions pursuant to Fed.R.Crim.P. 11(a)(2). Specifically, Mr. Grist appeals the denial of the following motions to suppress: (1) motion to suppress evidence obtained pursuant to a wiretap order; (2) motion to suppress evidence obtained pursuant to a search warrant regarding his premises; and (3) motion to suppress evidence obtained from the warrantless search of his vehicle. For the reasons below, we affirm the district court's denial of Mr. Grist's motions to suppress.
 
 I. Discussion
 
 4
 On April 19, 1993, the district attorney for Oklahoma Judicial District 21, through the attorney general, submitted an Application for Order Authorizing the Interception of Wire Communications (the "application") and an Order Authorizing the Interception of Wire Communications (the "order"), authorizing the wiretap of two telephone numbers with the same address in Atoka County, Oklahoma. The two telephone numbers targeted for interception were Mr. Grist's residence and business telephone numbers. The presiding judge of the Oklahoma Court of Criminal Appeals signed the order. As a result of the wiretaps, the government obtained evidence against Mr. Grist that led to his arrest on May 9, 1993.
 
 A. Wiretap Order
 
 5
 Mr. Grist contends that both the application and order were facially invalid, and thus all evidence obtained pursuant to the order should be suppressed. First, Mr. Grist argues the application and order were facially invalid because the district attorney requesting the application lacked jurisdiction to do so. Second, Mr. Grist, argues both the application and the order were facially invalid because neither included a particular description of the nature and location of the facilities from which the wire communications were to be intercepted.
 
 
 6
 The district attorney obtained the order pursuant to the Oklahoma Security of Communications Act (the "Oklahoma Act"), Okla. Stat. Ann. tit. 13, Secs. 176.1 through .14 (West 1994). The Oklahoma Act establishes a two-step application process for wiretap orders. See Okla. Stat. Ann. tit. 13, Sec. 176.7 (West 1994). First, the district attorney for the jurisdiction in which the interception will take place must file an application with the state's attorney general. The attorney general then applies for an order from the presiding judge of the Oklahoma Court of Criminal Appeals. Id. The presiding judge may then issue an order "authorizing interception of wire ... communications within the territorial jurisdiction of the judicial district of the district attorney requesting the order." See Sec. 176.9(C).
 
 
 7
 In this case, the application sought authorization to intercept the communications from Mr. Grist's residence and business telephone numbers, both located at the same Atoka County, Oklahoma address. Atoka County is within the territorial jurisdiction of Oklahoma Judicial District 19. The district attorney for Oklahoma Judicial District 21 applied for the order. However, District 21 includes Cleveland County, the county in which law enforcement officers listened to the conversations. Because the tapped telephones were physically located in District 19, Mr. Grist argues that the district attorney for District 21 did not have authority to apply for the order. Without such authority, Mr. Grist argues, the wiretap order was invalid, and the district court should have suppressed all evidence obtained from the wiretaps.
 
 
 8
 The federal wiretap statute, 18 U.S.C. Sec. 2516(2), requires federal courts to defer to state law "on the question of the validity of [a] wiretap order obtained in state court under state law." United States v. Tavarez, 40 F.3d 1136, 1137 (10th Cir.1994)(citing United States v. McNulty, 729 F.2d 1243, 1266 (10th Cir.1983) (en banc)). We review a district court's determination of state law de novo. Id.
 
 
 9
 In Tavarez, Mr. Grist's co-defendant, Balbino DeJesus Tavarez, advanced the same argument before this Court. We rejected Mr. Tavarez' argument and held that "the location of an 'interception' for purposes of section 176.9(C) includes the place where the intercepted communication is heard." Id. at 1138. Therefore, Mr. Grist's argument, that the district attorney requesting the application lacked jurisdiction to do so, also fails. Because the intercepted communications were heard in District 21, the district attorney for District 21 had authority to apply for the order.
 
 
 10
 Additionally, in Tavarez, co-defendant Balbino DeJesus Tavarez challenged the same application and order, raising the same arguments as Mr. Grist. In response to Tavarez' arguments, we concluded that under section 176.9(A)(2)(b) of the Oklahoma Act the application needed to specify the location of either "the facilities from which" or "the place where" the communications would be intercepted. Id. at 1138-39 (citing Okla. Stat. Ann. tit. 13, Sec. 176.9(A)(2)(b)). We also interpreted "facilities" to mean the target phones. Id.
 
 
 11
 Based on these findings, we held that the Atoka, Oklahoma address provided in the application was a "sufficiently particular description of the nature and location of the target telephones, thereby fulfilling the requirements of section 176.9(A)(2)(b)." Id. at 1139. For the same reasons given in Tavarez, Mr. Grist's argument, that the application is facially invalid because it failed to include a particular description of the nature and location of the facilities from which the wire communications were to be interpreted, fails.
 
 
 12
 Similarly, we rejected Mr. Tavarez' argument that the order lacked particularity, and concluded that like section 176.9(A)(2)(b), section 176.9(D)(2)'s requirements were worded disjunctively. The "order must specify '[t]he nature and location of the communications facilities as to which, or the place where, authority to intercept is granted." Id. (citing Okla. Stat. Ann. tit. 13, Sec. 176.9(D)(2)). Again, we found "facilities" to mean the targeted phones. Id. Because the targeted telephones were specified in the order, we found the order in compliance with section 176.9(D)(2). Id. We also reject Mr. Grist's argument and find the order in compliance with section 176.9(D)(2). Therefore, we affirm the district court's denial of Mr. Grist's motion to suppress the evidence obtained from the wiretaps.
 
 B. Search of Mr. Grist's Residence
 
 13
 On May 5, 1993, a United States magistrate judge for the Eastern District of Oklahoma issued a search warrant to search Mr. Grist's premises. On July 20, 1993, Mr. Grist filed a motion to suppress all evidence obtained pursuant to the search warrant, challenging the integrity and the sufficiency of the affidavit in support of the warrant. The district court denied Mr. Grist's motion to suppress without an evidentiary hearing.
 
 
 14
 On appeal, Mr. Grist argues the affidavit (1) was not supported by probable cause; (2) contained false and irrelevant information based upon hearsay and furnished by an unidentified informant whose reliability was not established in the affidavit; and 3) was based upon information obtained from an illegal wiretap.
 
 
 15
 As a reviewing court, we pay great deference to the magistrate's determination of probable cause. United States v. Martinez, 764 F.2d 744, 746 (10th Cir.1985). Our duty as a reviewing court "is simply to ensure that the magistrate had a 'substantial basis ... for conclud[ing]' that probable cause existed." Id. A magistrate should consider the totality of the circumstances when determining whether probable cause exists to issue a search warrant. Id.
 
 
 16
 Having reviewed the record, we agree with the district court that Mr. Grist did not meet the standard to impeach the integrity of the affidavit in support of the search warrant. Consequently, Mr. Grist was not entitled to an evidentiary hearing to examine the integrity of the affidavit. We also find that the affidavit submitted by Special Agent Larry G. Morgan to the magistrate judge, when viewed in light of the totality of circumstances, was supported by sufficient reliable facts to provide probable cause to issue a search warrant. We reject Mr. Grist's arguments for essentially the same reasons the district court rejected them, and affirm the district court's denial of Mr. Grist's motion to suppress the evidence obtained pursuant to the search warrant regarding his premises.
 
 C. Search of Mr. Grist's Vehicle
 
 17
 On May 9, 1993, an Oklahoma Highway Patrol trooper arrested Mr. Grist several miles away from his residence in the Caney Community of Atoka County, Oklahoma as he was returning from Houston, Texas. The trooper arrested Mr. Grist on a federal arrest warrant. An officer of the Oklahoma Highway Patrol removed Mr. Grist from his 1992 Chevrolet truck and transported him to his residence. Another officer transported Mr. Grist's truck from the point where Mr. Grist was stopped and arrested to his residence, where the truck was searched.
 
 
 18
 Mr. Grist contends that the officers transported his truck to his residence so the truck would be within the scope of the search warrant issued to search his premises. For this reason, Mr. Grist contends the search of his vehicle was unreasonable, and thus the district court should have suppressed the evidence found in the truck.
 
 
 19
 The district court rejected Mr. Grist's construction of the facts, ruling that the truck was properly seized and searched under a number of exceptions to the warrant requirement. Specifically, the district court found that the truck was impounded and transported to the premises where officers conducted a warrantless inventory search incident to the arrest. The district court further found that the government had independent grounds to search the vehicle based on probable cause due to the intercepted telephone communications indicating the truck was utilized to transport drug money.
 
 
 20
 When we review a denial of a motion to suppress, we accept the district court's factual findings unless clearly erroneous and view the evidence in the light most favorable to the district court's findings. United States v. Chatman, 994 F.2d 1510, 1514 (10th Cir.), cert. denied, --- U.S. ----, 114 S.Ct. 230, 126 L.Ed.2d 185 (1993). The determination regarding the reasonableness of the search under the Fourth Amendment is a question of law which we review de novo. Id.
 
 
 21
 The Fourth Amendment to the Constitution protects against "unreasonable searches and seizures." U.S. Const. amend. IV. As a general rule, to be reasonable a search or seizure must be conducted pursuant to a validly issued warrant. United States v. McKinnell, 888 F.2d 669, 672 (10th Cir.1989). Nonetheless, fourth amendment jurisprudence carves out several exceptions to the warrant requirement. Id.
 
 
 22
 We need not decide whether the search of Mr. Grist's truck after its impoundment was a valid inventory search because we hold that the search was valid based on findings of probable cause. If police officers have probable cause to search a car, they need not get a search warrant even if they have time and opportunity. United States v. Ludwig, 10 F.3d 1523, 1528 (10th Cir.1993). Based on the intercepted conversations between Mr. Grist and co-defendant Tavarez, the officers had probable cause to believe that contraband would be found inside Mr. Grist's truck. Accordingly, we affirm the district court's denial of Mr. Grist's motion to suppress evidence obtained from the warrantless search of his vehicle.
 
 
 23
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 **
 Honorable Howard C. Bratton, Senior District Judge of the United States District Court for the District of New Mexico, sitting by designation