NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0631n.06

**No. 08-5911**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Sep 17, 2010**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

          Plaintiff-Appellee,

v.

MAURICE A. JOHNSON,

          Defendant-Appellant.

_____/

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF TENNESSEE

BEFORE:    SUTTON and McKEAGUE, Circuit Judges; JONKER, District Judge.[*]

**Jonker, District Judge**. Maurice Johnson appeals the denial of his motion to suppress evidence obtained through a state-authorized wiretap in an investigation conducted primarily by state agents. Mr. Johnson asserts that the wiretap did not comply with Tennessee state law and that evidence derived from the wiretap must therefore be suppressed even in federal court. Mr. Johnson's claim fails because the wiretap plainly complied with Tennessee law. The district court properly denied the motion to suppress.

**Factual and Procedural Background**

On February 9, 2006, Tennessee Bureau of Investigation ("TBI") Special Agent Luke Muhonen submitted an affidavit and application to authorize a wiretap on Mr. Johnson's cellular phone for the investigation of a triple homicide. That same day, William H. Cox, the District

_____

[*] The Honorable Robert J. Jonker, United States District Judge for the Western District of Michigan, sitting by designation.

Attorney General for the Eleventh Judicial District of Tennessee, authorized the wiretap application, and Criminal Court Judge Rebecca Stern of the Eleventh Judicial District of Tennessee authorized the wiretap itself. The TBI maintained its listening post in the Eleventh Judicial District of Tennessee. Immediately following the implementation of the wiretap, law enforcement officials intercepted calls made to Mr. Johnson's cell phone suggesting that Mr. Johnson was involved in drug trafficking. On February 10, 2006, Agent Muhonen sought permission to expand the scope of the wiretap beyond the triple homicide to include drug trafficking. Judge Stern approved the request in writing the same day.

On April 11, 2006, a federal grand jury returned an indictment against Mr. Johnson. The indictment charges Mr. Johnson with multiple drug-related offenses, including, among others, conspiracy to distribute fifty grams or more of cocaine base. Mr. Johnson moved to suppress the evidence obtained through the wiretap. Mr. Johnson asserted that the wiretap violated Tennessee law because (1) the authorization of the wiretap occurred in a judicial district other than the one where the phone to be monitored was located; (2) the Tennessee wiretap statute does not permit wiretapping in connection with cocaine-related crimes involving less than 300 grams of cocaine; and (3) the Tennessee wiretap statute does not authorize the wiretapping of cellular phones. Mr. Johnson did not argue that the wiretap at issue violated the federal wiretap act, Title III of the Omnibus Crime Control and Safe Streets Act ("Title III"), 18 U.S.C. § 2510, *et seq.*, or the Fourth Amendment.

Magistrate Judge William Carter conducted an evidentiary hearing on the motion to suppress on September 12, 2006. On February 16, 2007, Magistrate Judge Carter issued a Report and Recommendation recommending that the district court deny Mr. Johnson's motion to suppress. Mr. Johnson timely objected. After de novo review, the district court rejected Mr. Johnson's objections and adopted the Report and Recommendation.

Under a conditional plea agreement reserving his right to appeal the denial of his motion to suppress, Mr. Johnson pleaded guilty to the charge of conspiracy to distribute fifty grams or more of cocaine base. Because Mr. Johnson had an earlier felony drug conviction, an enhanced statutory mandatory minimum sentence of twenty years applied to him. Accordingly, the district judge imposed a sentence of twenty years. Mr. Johnson promptly filed a notice of appeal.

On appeal, Mr. Johnson asserts that under Title III, evidence obtained through a state-authorized wiretap that does not comply with state law is not admissible in federal court. He argues that the wiretap at issue violated Tennessee state law because (1) the authorization of the wiretap occurred in a judicial district other than the one where the phone to be monitored was located; and (2) the Tennessee wiretap statute does not permit wiretapping in connection with cocaine-related crimes involving less than 300 grams of cocaine.

**Legal Standard**

The Court reviews the district court's factual findings concerning suppression issues for clear error and its legal determinations de novo. *United States v. Stewart*, 306 F.3d 295, 304 (6th Cir. 2002); *United States v. Hill*, 142 F.3d 305, 310 (6th Cir. 1998). The Court views the evidence in the light most favorable to the district court's findings. *United States v. Jenkins*, 124 F.3d 768, 772 (6th Cir. 1997).

**Analysis**

It is well-established that federal law, not state law, governs the admissibility of evidence in federal court. *See, e.g., Elkins v. United States*, 364 U.S. 206, 223-24 (1960); *United States v. Bennett*, 170 F.3d 632, 635 (6th Cir. 1999) ("[W]e acknowledge the longstanding precept that federal law controls federal proceedings, and we continue to support it."). But Title III itself appears to

require compliance with state law provisions in at least some wiretap situations. In particular, Title III provides the following procedure for wiretaps authorized by a state court judge:

> The principal prosecuting attorney of any State, or the principal prosecuting attorney of any political subdivision thereof, if such attorney is authorized by a statute of that State to make application to a State Court judge of competent jurisdiction for an order authorizing or approving the interception of wire, oral, or electronic communications, may apply to such judge *in conformity with section 2158 of this chapter and with the applicable State statute* an order authorizing, or approving the interception of wire, oral, or electronic communications by investigative or law enforcement officers. . . .

18 U.S.C. § 2516(2) (emphasis added). Mr. Johnson's sole claim on appeal is that the wiretap violated Tennessee state law because the state judge lacked jurisdiction to order the wiretap, and because the state judge had no authority to expand the scope of the wiretap to cover possible drug dealing in he quantities mentioned. Mr. Johnson is wrong on both claims, and so his appeal necessarily fails.

> 1.      *The authorizing judge had jurisdiction to authorize the wiretap under Tennessee law.*

Mr. Johnson argues that Judge Stern lacked jurisdiction to authorize the wiretap because she was located in the Eleventh Judicial District of Tennessee, while Mr. Johnson and his phone were located in the Tenth Judicial District of Tennessee. This argument fails. Tennessee law requires that an application "authorizing the interception of a wire, oral, or electronic communication [] be made . . . to a judge of competent jurisdiction in the district where the interception . . . is to occur." TENN. CODE ANN. § 40-6-304(a). The Tennessee statute, like Title III, defines "intercept" as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." TENN. CODE ANN. § 40-6-303(11); 18 U.S.C. § 2510(4). The post at which the investigators listened to the communications – aurally acquired the communications, to use the statutory language – was in the Eleventh Judicial District of Tennessee.

"[I]nterception includes both the location of a tapped telephone and the original listening post." *United States v. Denman*, 100 F.3d 399, 403 (5th Cir. 1996). *See also United States v. Tavarez*, 40 F.3d 1136, 1138 (10th Cir. 1994). Accordingly, Judge Stern had jurisdiction to authorize the wiretap.

> 2. *The extension of the properly-authorized wiretap to include drug-related conversations was proper under Tennessee law.*

Mr. Johnson also argues that it was improper to extend the scope of the wiretap to include communications regarding drug offenses, asserting that the quantity of cocaine involved was too low to justify a wiretap under state law. Mr. Johnson's argument ignores the original basis for the wiretap, which was a triple homicide investigation. Tennessee law plainly allows a judge of competent jurisdiction using the procedure described in TENN. CODE ANN. § 40-6-304 to authorize a wiretap when an agent demonstrates the interception may provide evidence of the commission of criminal homicide or conspiracy to commit criminal homicide. TENN. CODE ANN. § 40-6-305(1). Once a valid wiretap exists, "[t]he contents and any evidence derived therefrom may be used [in giving testimony under oath in a state or federal court proceeding] when authorized by a judge of competent jurisdiction where the judge finds on subsequent application that the contents were otherwise intercepted in accordance with [Tennessee law]." TENN. CODE ANN. § 40-6-306(e). Agent Muhonen applied for and received judicial authorization to expand the scope of an initially valid wiretap to cover the drug investigation too, satisfying the requirements of Tennessee law. The same result would apply under the federal statute. *See* 18 U.S.C. § 2517(5). Mr. Johnson's argument that the scope of the wiretap was improperly extended fails.

### Conclusion

For these reasons, the district court's denial of the motion to suppress is **AFFIRMED**.