941 F.2d 1213
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Walter Thomas SHIPLEY, also known as Radar, Defendant-Appellant.
 No. 90-4105.
 United States Court of Appeals, Tenth Circuit.
 Aug. 21, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Walter Thomas Shipley was found guilty, on a jury verdict, and convicted of distributing a controlled substance and carrying a firearm during and in relation to a drug trafficking crime in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c). He appeals the firearm conviction contending there was insufficient evidence to support the jury verdict. Shipley's counsel has filed an "Anders" brief, Anders v. California, 386 U.S. 738 (1967), with respect to Shipley's insufficiency argument.
 
 
 3
 The government has correctly identified the appropriate standard of review. Evidence is considered sufficient to support a criminal conviction if, viewing all the evidence, both direct and circumstantial, in the light most favorable to the government, a reasonable trier of fact could find the essential elements of the crime beyond a reasonable doubt. United States v. McKinnell, 888 F.2d 669, 673 (10th Cir.1990); United States v. Culpepper, 834 F.2d 879, 881 (10th Cir.1987), citing Jackson v. Virginia, 443 U.S. 307, 318-319 (1979).
 
 
 4
 There is no dispute that the following evidence was presented to the jury. Detective Carroll Mays, an undercover narcotics officer, went to Shipley's motel room to see if Shipley would sell him cocaine. When Shipley opened the door Detective Mays observed that Shipley had his hands behind his back. An individual who was accompanying Detective Mays engaged Shipley in a conversation regarding the purchase of cocaine, following which Shipley moved to some scales which were in the motel room. At that point Detective Mays saw Shipley bring a hand from his back and place something silver in color in his lap.
 
 
 5
 Shipley weighed out a portion of cocaine using the scales. During that process he reached into his lap, took what Detective Mays recognized as a silver Raven 25 caliber semi-automatic pistol out of his lap and placed the firearm beside the scales he was using the weigh out the drugs. Detective Mays was only five to six feet away from Shipley when this happened. Mays observed that the pistol had a silver clip in place.
 
 
 6
 After Shipley finished with the first customer, he turned to Detective Mays and asked him what he wanted. Detective Mays then negotiated the purchase of one-half of a sixteenth ounce of cocaine. The physical arrangements at the point of sale, including the presence of the weapon, did not change during the transaction involving Detective Mays.
 
 
 7
 18 U.S.C. § 924(c)(1) provides in part that"whoever, during and in relation to any ... drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such ... drug trafficking crime, be sentenced to imprisonment for five years...." The "use" element of an 18 U.S.C. § 924(c) violation is satisfied when the evidence proves beyond a reasonable doubt that the defendant "has 'ready access' to the firearm" and "the firearm was 'an integral part of his criminal undertaking and its availability increased the likelihood that the criminal undertaking would succeed." United States v. Parrish, 925 F.2d 1293, 1297 (10th Cir.1991) (quoting United States v. McKinnell, 888 F.2d at 675, (10th Cir.1989)). Ready access is proven when the evidence demonstrates beyond a reasonable doubt that the "firearm was available to the defendant in the vicinity where the drug trafficking offense took place." Id. The government must at that point, prove beyond a reasonable doubt that a nexus existed between the firearm and the drug trafficking offense. The jury found in favor of the government on this point, and the evidence clearly supports that conclusion.
 
 
 8
 We reject Shipley's argument that the testimony of Detective Mays, standing alone, is insufficient to convict, that it was necessary for Shipley to actually handle or otherwise make use of the gun at the time of the sale of cocaine to Detective Mays or that the mere presence of a gun at the scene and in the proximity of the scales is insufficient to show that he was "using" a weapon in a drug trafficking offense. The jury found otherwise, and the evidence supports its finding.
 
 
 9
 For the reasons stated above, the conviction of Walter Thomas Shipley is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3