**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

CHRISTINE SMALL,

     Defendant-Appellant.

No. 04-1129
(D.C. No. 03-CR-122-MK)
(Colorado)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge**, McWILLIAMS**, Senior Circuit Judge, and **ANDERSON**, Senior Circuit Judge.[**]

On March 25, 2003, Christine Small (Small) was charged in a nine-count indictment filed in the United States District Court for the District of Colorado with misuse of a social security number, in violation of 42 U.S.C. § 408(a)(7)(B) and, in a subsequently filed information, with one count of concealment of assets and false statements in a bankruptcy proceeding, in violation of 18 U.S.C. § 152. She was

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.G. The case is therefore ordered submitted without oral argument.

represented at all times in the district court by the Public Defender's office. Pursuant to a plea agreement with the government, Small pled guilty to one count of the nine-count indictment and the one count contained in the information. The government, *inter alia,* ultimately dismissed the other eight counts in the indictment. A presentence report indicated that Small had a guideline range of 0 to 6 months imprisonment, and recommended that she be placed on probation subject to certain conditions. Small, through her counsel, objected to one of the recommended conditions, namely that she be subjected to further drug testing and treatment. In this connection, the presentence report contained the following assessment of Small's mental condition:

> "Another important factor that I believe significantly affected Ms. Small's ability to think, use good judgment, and lowered her ability to control her impulses was the combination of using psychotropic medication and drinking heavily. First, the defendant was using Klonapin. This medication works synergistically with alcohol and potentiates the effects of alcohol, lowering her ability to resist impulses and to think about the meaning and consequences of her actions. Moreover, she was taking two other psychotropic medications, Effoxor and Risperdal. When used with alcohol, these medications, as do other psychotropic medications, cause idiosyncratic responses and can greatly affect judgment and behavior. Thus, while there is not a clearly defined interaction that occurs when using alcohol with either medication, both medications used with alcohol can cause abnormal behavior and judgment."

Specifically, Small complained about the presentence report as follows:

> Ms. Small has been given regular urine tests during the time that she has been on pretrial release. None of these have been positive. She does not believe that treatment for substance

abuse (she has never used any illicit drugs) in addition to her continued mental health counseling, is a necessary component of her probation.

On March 15, 2004, Small was sentenced to five years probation on each of the two counts she had pled guilty to, to be served concurrently, subject to certain conditions. The conditions, which Small objected to, read as follows:

> 1) The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

> 2) The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until she is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report, for continuity of treatment.

> \* \* \* \* \*

> 4) If necessary, the defendant shall remain medication compliant and shall take all psychiatric medications that are prescribed by her treating psychiatrist.

At the sentencing hearing, Small's counsel stated, *inter alia,* that he "strongly endorsed the recommendation of the department for continued mental health treatment [of Small] for obvious reasons." However, counsel went on to state that he didn't know "whether given Ms. Small's track record over the last several years with no . . . 'dirty

urine' whether urinalysis testing needs to be a component of that." The government in response thereto "strongly urged the court to require the individual to continue with random urinalysis . . . whatever is asked for in terms of maintaining her behavior" and specifically noting "the synergistic effect of alcohol and the psychotropic medication that has been taken," referred to in the presentence report. In response thereto, at sentencing, the court stated that Small "will refrain from the unlawful use of a controlled substance and submit to one drug test within – to submit to drug – one drug test during the period of probation and – well, I guess it's three tests during the period of probation."

On April 1, 2004, Small, through the Public Defender's office, filed a notice of appeal in which she indicated she "wishes to appeal from certain conditions of probation that were imposed over her objections, including a condition requiring that she submit to urine testing for unauthorized drug use."

On July 28, 2004, this court appointed the Public Defender's office to represent Small in this court on her appeal. On September 24, 2004, the Public Defender's office filed an "Opening Brief Pursuant to *Anders v. California*." In its so-called "*Anders*" brief, by way of an "introduction," counsel spoke as follows:

> On July 28, 2004, this Court appointed the Office of the Federal Public Defender to represent Christine Small in her direct appeal to the Tenth Circuit. After reviewing the files and records in this case, counsel has determined that it is necessary to file a brief pursuant to *Anders v. State of California,* 386 U.S. 738 (1967). Counsel is aware of his duty as an advocate to support a client's appeal to the best of his ability. However, *Anders* teaches that "if counsel finds his

- 4 -

case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.* at 743. Counsel has concluded that this appeal is frivolous in that there is no challenge to the validity of the defendant's guilty plea, and the defendant's sentence of probation was at the low end of the applicable guideline range. Further, the special conditions the district court imposed, only one of which was the subject of an objection, were within the court's discretion and were reasonably related to the nature and circumstances of the offense. Finally, because Ms. Small received a sentence of probation, there are no claims pursuant to *Blakely v. Washington,* 124 S.Ct. 2531 (2004). Accordingly, pursuant to *Anders,* counsel is filing this brief, a copy of which will be furnished to Ms. Small.

In the "Conclusion" to his *Anders* brief, the Public Defender asked permission to withdraw from further representing Small on appeal. On October 15, 2004, the United States Attorney filed on behalf of the United States a letter wherein he stated that, in view of the brief filed by the Public Defender's office on behalf of Small, it "will not file a brief in this matter."

As required, a copy of the Public Defender's *Anders* brief was sent Small. In response thereto, on November 4, 2004, she filed "Appellant's Response to *Anders* Brief." In that response, Small did not really discuss the merits of her appeal. Rather, she complained, repeatedly, that since her sentencing, she had been unable to contact her counsel, that he had not returned her telephone calls, and the like. As previously noted, this court had already appointed the Public Defender's office to represent Small in this court on her appeal. However, in her pro se brief, Small stated that subsequent to our appointment of the Public Defender's office to represent her on appeal, she had filed a

motion to "reassign new counsel."[1]  According to Small, we had "acknowledged" our receipt of her motion, "but no decision had been made on my request."  In any event, in her pro se response to the Public Defender's *Anders* brief, Small again asked that she be given another attorney to represent her in this appeal.

As indicated, pursuant to a plea agreement, in which Small received many concessions from the government, one of which was that the government would not ask for a "prison sentence," Small entered a plea of guilty to Count 8 of the indictment and to the one count set forth in the information.  There is absolutely nothing in the record before us to indicate that Small has any desire to withdraw her plea of guilty.  Under the United States Sentencing Guidelines, Small's guideline range was 0 to 6 months imprisonment.  However, the district court, following a recommendation in the presentence report, elected not to impose <u>any</u> imprisonment, and placed her on probation for five years on each count, to be served concurrently.  There is nothing in the present record to indicate that Small has any complaint about being placed on probation, in lieu of some incarceration.  There is, as above indicated, a complaint by Small, in the district court and in this court, as to certain of the "conditions" imposed by the district court in connection with her sentence that she be placed on probation for five years.  Specifically, she complains about the order of the district court that she receive periodic urine testing

---

[1] A motion to excuse the Public Defender from representing Small in this appeal was received by this court on September 28, 2004, but has not been acted on so far.

and that she continue to obtain treatment for her physical and emotional problems. In this regard, the presentence report indicates that Small had, at least in the recent past, mental and emotional problems, had used alcohol, on occasion, to excess, and had apparently mixed alcohol with medications. We are not impressed with Small's suggestion that, because she had not tested "positive" in urine tests conducted during the time she was on pretrial release, there was no further need for urine testing. With her history of emotional and mental problems, the district court's order for periodic urine testing and treatment for her physical and emotional problems was most reasonable.

In *United States v. Walser,* 275 F.3d 981, 987 (10th Cir. 2001), we spoke as follows: "Courts are given broad discretion in the imposition of conditions of supervised release." Without belaboring the point, we hold that, based on the record before her, the conditions imposed by the district judge in the present case come well within that "broad discretion" mentioned in *Walser.* And the present case does not come with any of the "exceptions," which are mentioned in *Walser.*

Accordingly, as we did in *United States v. Moore,* 2003 W.L. 1963205 (10th Cir. Apr. 29, 2003), an *Anders* case, we Dismiss appellant's appeal as frivolous under *Anders* and Grant counsel's motion to withdraw. Small's request for the appointment of new

counsel is Denied as moot.[2]

ENTERED FOR THE COURT,

Robert H. McWilliams
Senior Circuit Judge

---

[2]For other 10th Circuit cases involving the application of *Anders* to frivolous appeals, *see United States v. Keifer,* 2001 W.L. 391711 (Apr. 18, 2001) , *United States v. Brown,* 2000 W. L. 1616100 (Oct. 30, 2000), and *United States v. Shipley,* 1991 W.L. 164278 (Aug. 21, 1991).